*Y.LEE MORRIS*

*52110-B6A-114*

*Jockton,Calif 95213*
(City, State, Zip)

*C-80345*
(CDCR / Booking / BOP No.)



FILING FEE PAID
Yes ___ No ___
IFP MOTION FILED
Yes ___ No ✓
COPIES SENT TO
Court ✓ ProSe ___



FILED

DEC 1 1 2019

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY ___

# United States District Court
## Southern District of California

*Sammy Lee Morris*,
(Enter full name of plaintiff in this action.)

              Plaintiff,

v.

*G.A Gonzales,*
*D.Tamayo, Lafler Dominik*
*A.Aguirre*,
*J. Duran*,
*C.Martinez*,
(Enter full name of each defendant in this action.)

              Defendant(s).

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

'19CV2378 MMA AGS

Civil Case No._____
(To be supplied by Court Clerk)

Complaint under the
Civil Rights Act
42 U.S.C. § 1983

## A. Jurisdiction

Jurisdiction is invoked pursuant to 28 U.S.C. § 1343(a)(3) and 42 U.S.C. § 1983. If you wish to assert jurisdiction under different or additional authority, list them below.

_____

## B. Parties

1. <u>Plaintiff</u>: This complaint alleges that the civil rights of Plaintiff, *Sammy Lee Morris C-80345*
(print Plaintiff's name)
_____, who presently resides at *California, Health care Facility B6A*
(mailing address or place of confinement)
*P.O.Box 32110-Stockton, Calif 95213*_____, were violated by the actions of
the below named individuals. The actions were directed against Plaintiff at *Richard J. Donovan*
*Correctional Facility C. yard* on (dates) *1-19-2019*, and _____.
(institution/place where violation occurred)     (Count 1)     (Count 2)     (Count 3)

§ 1983 SD Form
(Rev. 8/15)

2. <u>Defendants</u>:  (Attach same information on additional pages if you are naming more than 4 defendants.)

Defendant _SEE complaint ATTACHed_ resides in _____
(name)                                                                                        (County of residence)
and is employed as a _____. This defendant is sued in
(defendant's position/title (if any))
his/her ☑ individual ☑ official capacity.  (Check one or both.)  Explain how this defendant was acting under
color of law: _____

_____

_____ .

Defendant _____ resides in _____
(name)                                                                                        (County of residence)
and is employed as a _____. This defendant is sued in
(defendant's position/title (if any))
his/her ☐ individual ☐ official capacity.  (Check one or both.)  Explain how this defendant was acting under
color of law: _____

_____

_____ .

Defendant _____ resides in _____
(name)                                                                                        (County of residence)
and is employed as a _____. This defendant is sued in
(defendant's position/title (if any))
his/her ☐ individual ☐ official capacity.  (Check one or both.)  Explain how this defendant was acting under
color of law: _____

_____

_____ .

Defendant _____ resides in _____
(name)                                                                                        (County of residence)
and is employed as a _____. This defendant is sued in
(defendant's position/title (if any))
his/her ☐ individual ☐ official capacity.  (Check one or both.)  Explain how this defendant was acting under
color of law: _____

_____

_____ .

**C. Causes of Action** (You may attach additional pages alleging other causes of action and the facts supporting them if necessary.)

<u>Count 1</u>:  The following civil right has been violated: _____

_____
                                        (E.g., right to medical care, access to courts,

due process, free speech, freedom of religion, freedom of association, freedom from cruel and unusual punishment, etc.)

<u>Supporting Facts:</u>  [Include all facts you consider important to Count 1. State what happened clearly and in your own words. You need not cite legal authority or argument.  Be certain to describe exactly what each defendant, *by name*, did to violate the right alleged in Count 1.]

SEE ATTACHED
Complaint

<u>Count 2</u>:  The following civil right has been violated: _____

_____ (E.g., right to medical care, access to courts,

due process, free speech, freedom of religion, freedom of association, freedom from cruel and unusual punishment, etc.)

<u>Supporting Facts</u>:   [Include all facts you consider important to Count 2. State what happened clearly and in your own words. You need not cite legal authority or argument.  Be certain to describe exactly what each defendant, *by name*, did to violate the right alleged in Count 2.]

SEE ATTACHED
complaint

<u>Count 3</u>:  The following civil right has been violated: _____

_____ (E.g., right to medical care, access to courts,

due process, free speech, freedom of religion, freedom of association, freedom from cruel and unusual punishment, etc.)

<u>Supporting Facts</u>:  [Include all facts you consider important to Count 3. State what happened clearly and in your own words. You need not cite legal authority or argument.  Be certain to describe exactly what each defendant, *by name*, did to violate the right alleged in Count 3.]

SEE ATTACHED
Complaint

## D. Previous Lawsuits and Administrative Relief

1. Have you filed other lawsuits in state or federal courts dealing with the same or similar facts involved in this case? ☐ Yes ☐ No.

If your answer is "Yes", describe each suit in the space below. [If more than one, attach additional pages providing the same information as below.]

(a)  Parties to the previous lawsuit:
Plaintiffs: _____

Defendants: _____

(b)  Name of the court and docket number: _____
_____.

(c)  Disposition: [ For example, was the case dismissed, appealed, or still pending?] _____
_____.

(d)  Issues raised: _____
_____
_____
_____.

(e)  Approximate date case was filed: _____.

(f)  Approximate date of disposition: _____.

2. Have you previously sought and exhausted all forms of available relief from the proper administrative officials regarding the acts alleged in Part C above? [E.g., CDCR Inmate/Parolee Appeal Form 602, etc.] ? ☑ Yes ☐ No.

If your answer is "Yes", briefly describe how relief was sought and the results.  If your answer is "No", briefly explain why administrative relief was not exhausted.

_____N/A_____
_____
_____
_____
_____
_____
_____
_____
_____

**E. Request for Relief**

Plaintiff requests that this Court grant the following relief:

1. An injunction preventing defendant(s):

SEE ATTACHed complaint

2. Damages in the sum of $ _____.

3. Punitive damages in the sum of $ _____.

4. Other: _____

**F. Demand for Jury Trial**

Plaintiff demands a trial by ☑ Jury ☐ Court. (Choose one.)

**G. Consent to Magistrate Judge Jurisdiction**

In order to insure the just, speedy and inexpensive determination of Section 1983 Prisoner cases filed in this district, the Court has adopted a case assignment involving direct assignment of these cases to magistrate judges to conduct all proceedings including jury or bench trial and the entry of final judgment on consent of all the parties under 28 U.S.C. § 636(c), thus waiving the right to proceed before a district judge. The parties are free to withhold consent without adverse substantive consequences.

The Court encourages parties to utilize this efficient and expeditious program for case resolution due to the trial judge quality of the magistrate judges and to maximize access to the court system in a district where the criminal case loads severely limits the availability of the district judges for trial of civil cases. Consent to a magistrate judge will likely result in an earlier trial date. If you request that a district judge be designated to decide dispositive motions and try your case, a magistrate judge will nevertheless hear and decide all non-dispositive motions and will hear and issue a recommendation to the district judge as to all dispositive motions.

You may consent to have a magistrate judge conduct any and all further proceedings in this case, including trial, and the entry of final judgment by indicating your consent below.

Choose only one of the following:

☑ Plaintiff consents to magistrate judge jurisdiction as set forth above.

**OR**

☐ Plaintiff requests that a district judge be designated to decide dispositive matters and trial in this case.

12-3-2019
Date

_Danny Lee Marin_
Signature of Plaintiff

§ 1983 SD Form
(Rev. 8/15)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT of California

Sammy LEE MORRIS
            Plaintiff,                    Civil Complaint
        V.                        PURSUANT TO 42 USC § 1983
G.A. Gonzales,
D. TAMAYO
A. Aguirre
J. DucAN
C. MArtineZ
(After Dominic) DEfendant(s)


DEMAND FOR JURY TRIAL




PlAiNTiff, Sammy LEE MORRIS, ALLEGES AS
follows;


1

# I.

## Introduction

This is a civil Rights complaint for Declaratory Relief and Monetary Damages brought over unlawful conditions of confinement conspired by Defendants as well as Sexual Abuse and Harassment for purposes of violating Plaintiff's Eighth Amendment as Defined within the Standards of Prison Rape Elimination Act (PREA) [42 U.S.C., 15601-15607] while Plaintiff was Incarcerated at C.SP-Richard J. Donovan-San Diego, California.

# II

## Jurisdiction and Venue

1) This is a civil Rights Action under 42 U.S.C. § 1983 to Redress the Deprivation under color of State Law of Rights, Privileges and Immunities Guaranteed by the Eighth Amendment of the United States Constitution. This Court has Jurisdiction pursuant to 28 U.S.C. §§ 1331 And 1343,

2,

2) VENUE is PROPER IN THE SOUTHERN DISTRICT
of California under 28 U.S.C. § 1391(b)(2) Because
A SUBSTANTIAL PART of THE EVENTS giving
Rise To THE claims occurred AT California
STATE PRison - Richard J. DONOVAN - SAN DIEGO,
IN THE SOUTHERN DISTRICT of California.

III

PARTIES

3) PlaintIff, Sammy LEE MORRIS, is NOW INCAR-
CERATED AT - California - Health care FacilityBLA.
STOCKTON, CAlifornia,

4) DEFENdanT - G.A. GONZALES was AT ALL Times
RElEVANT To THis Action Employeed with THE
DEPT, of CORRECTIONS AT - CSP - Richard J. DonoVAN
as A CORRECTIONAL officer and SHE is being
SUEd IN HER INdividuAL capacity.

5) DEFENdanT - D. TAMAYO - was AT ALL Times
RElEVANT To THis ACTION EmployEEd with
THE DEPT, of CORRECTIONS AT CSP - Richard J.
DONOVAN AS CORRECTIONAL captain and is
BEing SUEd IN His INdividual capacity.

3.

6)

1  DEFENdanT- A-AguiRRE was AT ALL TimES
2  RELEVANT To THis ACTion EmployEED with THE
3  DEPT, of CORRECTions AT CSP-RichardJ.Donovan
4  AS A CORRECTional LiEutEnanT and is BEing
5  SuEd IN His Individual CapaciTy.

6

7  7)DEFENdanT- J. DuRAN-was AT ALL TimES
8  RElEVanT To THis ACTion EmployEEd with
9  THE DEPT. of CORRECTions AT CSP-RichARd J,
10  DonoVAN AS A CORREFCTions SERGEANT and is
11  BEing SuEd IN His Individual CapaciTy.

12

13  8)DEFENdanT-C-MATTiNEZ-was AT ALL TimES
14  RELEVANT To THis ACTion EmployEEd with THE
15  DEPT. of CORRECTions AT CSP-Richard J.Donovan
16  aS CORRECTions SERGEANT and is BEing
17  SuEd IN His Individual CapaciTy.

18

19  9)DEFENdanT-LaflER, Dominic was AT All TimES
20  RELEVANT To THis ACTion EmployEEd with THE
21  DEPT,of CORRECTions-AT CSP-Richard J.Donovan
22  AS mEntAl HEAlth STAFF. DR. PsycholoGisT,
23  and is BEing SuEd In His Individual CapaciTy

24

25   STATEMENT of facTS
26  on JanuARy 19-2019, AT ApproximAtely 2050hours
27  while conducting my duties AS FACiliTy C-Housing-

28                        4.

1 uniT 14 conTrol Booth officer G.A. GonzAles, SHE
2 said SHE observed InmAte NORRis #C-80345 C-14-241
3 stAnding At His door mAstuRbATing with THE
4 light on. Knowing THis As STATEd ABOVE it
5 APPEARs sergeant C. MARTineZ and SERgeAnt
6 J. Duran who REViEWEd THE RepoRT RVR-
7 with G.A. GonzAles, and conspiRED To push
8 THE REpoRT FoRwARd, Had convinced Lieut-
9 EnAnT A. Aquirre and CapTAin D. TAmAYo -
10 To clossiified THE RuLE VioLATion As "SERious"
11 Knowing or sHould HAve Known THE FActuAL
12 NOR THE LEgAL ELEmEnTS To susTAin THE
13 IndecEnT EXpOsuRE ALLEgATion Did NoT ExisT

14
15 As A REsulT of THE SEXuAL AbusE and ARBiTR-
16 ARy ActionS of DEFENdants, Plaintiff was PlAced
17 In AdminsTRATIVE SEGREgATion where HE HAd
18 A "YELLow" Placard' COVERing THE ouTSidE
19 of His cELL door-window For others. InmAtes
20 And staff To REcognize THE "occupant oF THE
21 CELL was some Type of A "SEX offender."
22 (WHicH THE BRighT YELLow coVERing REPRE-
23 SEnTS)

24
25 Plaintiff was Also FORCED To WEAR A SPECiALIZE
26 Known "IndecEnT EXpOsuRE conTRoL JumpSuit"
27 WHicH is mAdE ouToF A CAnVAs TYpE mATERiAL-
28                           5.

1  Looking similiar TO A STRAIT JACKER with
2  A PADLOCK on THE BACK SO THE OFFENDER
3  couldn't not get out of it, NOT EVEN TO USE
4  THE BATHROOM without finding STAFF with A KEY
5  TO THE PADLOCK in ORDER FOR THE offender TO
6  get out of, Just TO USE THE BATHROOM.
7
8  Plaintiff was REQUIRED To wear THE Humiliating
9  Jumpsuit EVERY Time HE LEFT His CELL, TO go
10 TO THEORPY groups, MEDICAL and DENTAL Appoin-
11 TMENTS, Including THE EXERCISE yard for FRESH
12 Air, where others Inmates VIEWED Him AS
13 A SEXUAL OFFENDER, calling Him NASTY NAMES
14 and Placing A "TARGET" on Him TO BE ATTACKED
15 BECAUSE Known SEX OFFENDER Are USUALLY
16 ATTACKED, and OFTER FATAILY,
17
18 AFTER SEVERAL WEEKS of BEING SUBJECT TO
19 THIS ABUSIVE, CRUEL, And ARBITRARY conditions
20 AS PUNISHMENT FOR THE FALSE ALLEGATIONS
21 on 3-15-2019, HEARing officer Lieutienant VALDEZ
22 found Guilty. I did A602 Appeal and I was
23 found NOT Guilty. SECOND LEVEL Disciplinary
24 APPEAL RESPONSE Log NO: RSD-X 19-02748,
25 DECISION: THE APPEAL is PARTIALLY Granted
26 MODIFICATION orDER: THE institution will
27 order RVR-LOG #6306945 to be reissued and Reheard.
28                         6.

1  THE REISSUED and REHEARD HAd never been HEard.
2  DEFENdanT-G.A. GONZALES, HAd AccussEd PlaintiFF
3  of IndecenT Exposure,

4

5  DEFENdanT(S) A, Aguirre, who REViewed THE REPorT
6  with DR.LAFLER, Dominic, and conspiREd To push
7  THE mentaL HEALth AssessmenT forward To
8  HAve it HEArd To found MORRIS Guilty, and To
9  send MORRIS To THE IndecenT Exposure PiloT
10  program AT california STATE PRISON CORCORAN.
11  DR.LAFLER, Dominic the said MORRIS HAS prior
12  RVRS for THE SAme offense, and os such is AwARE
13  of THE potential for disciplinary consequences,
14  This DR.LAFLER Dominic-Defendant didn't care
15  About An Adverse impact on MORRIS stability,
16  DR.LAFLER Dominic, ACTS were willful, Intentional
17  MALicious, wanton and despicable In concious
18  DisRegard To PLAINTIFF Rights, This Kind of Abusing
19  Authority with currupt conspiracy with others
20  DEFendants or presure MORRIS and Hurts my
21  MENTAL iLLness program TReatment, and now
22  MORRIS HAve sutter A SERIOUS injury of deter-
23  iorating MORRIS HAve deteriorating and when
24  To CTC for Suicide Prevention-Crisis Bed, now
25  MORRIS is NoT EOP, MORRIS HAve Been put in A
26  High LEVEL Care, THE california HEALth care
27  Facility psychiatric InpATient program (CHCF-PiP)
28                          7,

1  THE NATIONS LARGEST and most innovative, Treatment
2  facility for prison Inmates.

3

4  FiRST Cause of ACTioN.

5                    I

6  Plaintiff HAS A Limited PRivacy Right PuRSuANT
7  To THE STAndards AS Shown within (PREA) 42 –
8  U.S.C.§§15601–15609 which DeFiNES "SEXual Abuse"
9  (In PART) AS "VoyEuRism-ie, An invASion of a
10 PRISONER's Privacy by STAFF FOR REASONS unRE-
11 LATED TO THEiR official DuTiES" "PROTECTES
12 By THE EighTH AmendmenT. and SHALL BE FREE
13 fRom CRuEL and unusual PunishmenT THaT
14 DeFENdants Had ARBiTRARily Imposed upon
15 Plaintiff In ViolATion of His EighTH –
16 AMENdmeNT UniTED STATES Constitutional
17 RighTS, when (But Not Limited To)
18 1) Plaintiff IncoRpoRATES PARAGRAPHS 1–8
19 Inclusive, AS REFERENCE and AS it STATEd
20 HEREin.

21

22 Violation of His Eighth AmendmenT Right to Be
23 FREE from CRUEL and unusual punishmenT by
24 ALL DeFendants based on REQuiRing him to
25 WEAR A conTRol JumpSuiT identifying him AS
26 A "SEXual predator-offender" and subjecting
27 Him to "DegRading NAME callING" "THREATS –
28                    8.

1  Of Violence and DEATH" Plaintiff Alleges That
2  as a Result, He was placed In Administrative
3  Segregation with a YELLOW placard covering His
4  cell window to identify Him as a "Sex offender"
5  and was forced to wear a SPECIAL Jumpsuit
6  whenever He left His cell, Including to THE
7  EXERCISE yard, "Where other Inmates viewed
8  Him as a SEXUAL offender, calling Him nasty
9  names, and placing a "TARGET" on Him to BE
10 ATTACKED because, Known SEX Offenders are
11 usually ATTACKED, and often "fatally Killed"
12 Plaintiff further Alleges He was ultimately
13 placed in An "indecent Exposure pilot program
14 At California State PRISON CORCORAN"(CSP CORCORAN)
15 for 4 months," which "made him more of a target"
16 with Inmates And STAFF'S, and I was "ATTacked
17 Again".

18
19 Defendants In This Civil Action Had
20 Violated 42 U.S.C. §1983 BECAUSE THEY
21 Have DEPRIVED Plaintiff of Rights, BENEFITS
22 and privileges SECURED By THE UNITED STATES
23 Constitution.

24
25 As A DIRECT and FORESEEABLE RESULT of Defen-
26 dants Violations DESCRIBED HErEin Plaintiff Has
27 Suffered and continue To Suffer injures In -
28                    9

1  THE Form of Pain and Suffering, SHAME,
2  HumiliaTion DegRadaTion, EMOTionAL DISTRESS
3  and other INjuRIES,

5  DEfendants ACTS WERE williful, INtentionAL,
6  MAlicious, wanton and DESpicAblE In conscious
7  DISREgard of PlainTiffs Rights, Entitling
8  PlainTiff To An AwArd of ExEmplARy PunitivE
9  DAmAgES.

11  DEfENdanTS-D.TAmAyo, A.Aquirre, J.DurAn,
12  C.MArtinez, DR.LaFlER Dominic.-Had Known
13  OR should HAvE Known "G.A.GonZAlES." AllEgATions
14  DiD NOT contAin THE FACTuAL nor LEGAL ElEmEnTs
15  To SuSTAin THE cHARgES, and Had JoinEd In
16  To ImpOSE FurthER HARm, PAin, and Suffering
17  upon PlainTiff Resulting In His Ad-SEg PLACE-
18  MENT, YELLOW window coverRing, and conTRol.
19  JumpSuit PLACEMENT, and THE PAin, Suffering
20  and CRuELity IT CREATEd upon PlainTiff FOR
21  NO LEGitmATE, JuST cAuSE, BuT PuRpoSE ly To
22  HARm,

24  DEfendanTS ACTS WERE williful, INTEntionAL,
25  MAlicious, wanton and DESpicAblE In conscious
26  DISREgARd To PlainTiff Rights, EntiTling Him to
27  ExEmplARy punitive DAmAgES,

28                        10

Defendant(s) individual and official capacities
for violations of His Eighth, and Fourteenth
Amendment Rights. on January 19-2019.

Violation of His Fourteenth Amendment right
To equal protection by all Defendants.
Plaintiff HAS A EQUAL PROTECTED Right to Be TREATED
Equally and fairly AS similiar situated others
As provided within the "EQUAL Protection Clause"
of THE Fourteenth Amendment United STATES
constitution. which (But Not Limited To)
THE others Inmates In Administrative segregation
didn't get TREATED THIS WAY, put yellow placard
covering his cell window to identify him AS A
"Sex offender" and was forced To wear A special
JumpSuit whenever He Left His cell, including
To the Exercise yard "where other inmates viewed
Him AS A SexuAL offender, calling Him nasty names
and placing A "TARGET" on Him to Be ATTACKED because
Known sex offenders Are usually ATTACKED, and often
fatally KILLED".
This is CDCR Rules, STAFF SHALL obey ALL laws,
Regulations, and Local procedures, refrain from-
Behavior misconduct and Retaliatory and punishment
MORRIS HAVE THE Right To PESENT THE EVIDENCE neces-
sary for an Adequate presenation of Adefense.
11.

1   This is a violation of CCR Title 15 (d)(F)(3)and (c)

2   3315 (4)(5) Inmates Shall Be Treated Equial.NoRRk

3   is Been Treated different-discrimination These

4   Officer's-defendants is deliberate Indifference,

5   known that Plaintiff face A substantial Risk

6   of serious Harm, and Viewed Him As A sexual

7   Offender, and placing A "Target" on Him to Bee

8   Attacked, Because known sex offenders Are

9   usually Attacked, and often "Fatally Killed."

10

11  Plaintiff, Alleges That the Report were false and

12  misleading and were fabricated with malice and

13  specific Intent to cause Harm to Plaintiff and

14  To gloss over and cover-up The gross misconduct.

15  unprofessionalism and indifference Demonstrated

16  by The Defendand-Reporting EmployEE G.A.Gonzales.

17

18

19

20

21

22

23

24

25

26

27

28                        11.

# PRAYER FOR RELIEF

WHEREFORE, Plaintiff RESPECTfully PRAYS THE COURT WILL:

A. ISSUE A DECLARATORY Judgement THAT DEFENDANTS ACTIONS HAd ViolAtED THE Plaintiffs Rights OF THE UNITED STATES constitu-Tion:

B. AWARD Plaintiff MONETARY DAMAGES AS follow:

(1) $50,000 (FiFty-THOUSANd DOLLARS) In COMPENSATORY DAMAGES from EACH NAMED DEFENDANTS.

(2) $75,000 (SEVENTY-FIVE THOUSANd DOLLARS) In PUNITIVE DAMAGES from EACH NAMED DEFENDANTS:

(3) $5,000 (FIVE-THOUSANd DOLLARS) IN NomiNAL DAMAGES:

AWARD PlAINTIFF COST OF Suit and REASONABLE ATTORNEY FEE: and

12

D. GRANT Plaintiff ANY SUCH OTHER
and FURTHER RELIEF AS THIS COURT
DEEMS JUST and PROPER.

DATED: 12-3-2019

RESPECTFULLY
SUBMITTED
SAMMY LEE MORRIS
SAMMY LEE MORRIS
PlaintiFF

13

1   SEE-EXHIBIT-A.
2   With supporting DOCUMENTS

3
4   I did A STAFF complaint process
5   RJD, STAFF Have not Answer my STAFF-
6   Complaint, - Citizens complaint on G.A. GonZales
7
8   I wrote - DATED: August 26, 2019,
9   To office of Internal Affairs - control - #8626
10  I ask for A Investigating      Number
11  BECAUSE This STAFF MEMBER - G.A. GonZales
12  did A crime, To HAVE other's Inmates
13  ATTACK Another Inmate, and it was
14  Not Reported, STAFF At RJD, C-yard
15  HAVE A ongoing code of silence,
16
17  Here is A supporting DOCUMENTS
18  (CDCR) DEPARTMENT of CORRECTIONS and REHABILITATION
19  SEE Yard Integration & Incremental Release updates
20  "Creating Avoidable Violence"
21
22
23
24
25
26
27
28

Court Paper
Printed on

Recycled Paper

EXHIBIT-K

Name: MORRIS, SAMMY L.                                          CDC #: C80345  PID #: 11440639

ISSS003C                          **RVR Action Taken**          Friday July 05, 2019 11:05:10 AM

| Violation Date: 01/19/2019 | Violation Time: 20:50:00 |
|---|---|
| Facility Name: RJD-Facility C | Log #: 000000006366945 |

| | |
|---|---|
| Action Taken Date: 07/02/2019 | Action Time: 13:45:54 |
| Action Type: Rehearing Ordered by CDO | |
| Staff Member Facility: RJD-Facility C | |
| Staff Taking Action: Ruggiero, Matthew [RUMA013] | Title: Captain |
| Assigned to Staff at Facility: COR-Facility 03B | |
| Assigned to Staff: | |

**Comments**

| Ordered re issue re hear per second level appeal dated 5/21/2019 |
|---|

**Related Standard Forms** (1 - 1 of 1)

| Date Prepared | Time Prepared | Type of Form | Staff Prepared By | Status |
|---|---|---|---|---|
| 03/16/2019 | 19:43:19 | Disciplinary Hearing Results | Valdez, Alex [VAAL004] | Printed - Reviewed |

**Prior Page**

Show Last Updated Information

| REVIEWING SUPERVISOR J. Duran | TITLE Segeant | DATE 07/04/2019 |
| --- | --- | --- |

| CLASSIFIED BY M. Ruggiero | TITLE Captain | DATE 07/05/2019 |
| --- | --- | --- |

CDCR SOMS ISST120 - RULES VIOLATION REPORT



On March 1, Initiate Justice released our report, called **"Democracy Needs Everyone: The Urgency of Ending Felony Disenfranchisement in California."** This first-of-its-kind report is the result of a survey we conducted of our members inside (like you!) and people on parole, asking what you would vote for if your voting rights were restored.

The intention of the report is to uplift the voices of people who cannot vote because they're in prison or on parole, and show that our society would be much better off if we included everyone in the democratic process. We included some of our Key Findings and Recommendations here.

We also held a very successful report launch event in LA the day of the release, which was attended by more than 150 people, including Assemblymember Kamlager-Dove, who is a co-author of the Free the Vote Act. Attendees took copies of the report, heard from speakers in prison and on parole, and some signed up to volunteer to help pass our voting rights legislation. We included some pictures here as well!

Thank you to all of our inside members who helped make this report possible, such as everyone who completed the survey last year; Rahsaan Thomas, our Board Member who called into the event from San Quentin to speak to attendees about the importance of voting; and Juan Haines, also at San Quentin, who inspired the report's title and wrote the introduction.

We have mailed copies of the full report to our Inside Organizers for them to share with members on their yard, and reports are coming to law libraries soon. Stay tuned!







## Yard Integration & Incremental Release Updates

Recently, CDCR's new policies of integrating incarcerated people into unsafe situations has been creating avoidable violence on "non-designated program yards" and GP yards. On non-designated program yards there have been riots between people with GP and SNY designations and on GP yards there have been riots due to CDCR's "incremental release" policy where staff purposefully put groups of people on the yard together that they know are in conflict.

Youth Justice Coalition, Initiate Justice, and other organizations have responded to this by reaching out to CDCR and the press. Youth Justice Coalition has met with CDCR to try to administer a new policy around yard integration, and Initiate Justice reached out to the following media outlets: CBS, The Associated Press, NBC and Blavity. Local media has been covering the policies.

Initiate Justice also drafted a letter to CDCR, which was signed by 5 other organizations, requesting an end to the "incremental release" policy and offered the following solutions:

- Separate groups onto yards where they can program safely and allow all yards to return to regular program so self-help groups and other programs that prevent violence can continue.
- End the yard integration policy, which gives people no safe option to separate themselves from organized prison conflicts.
- Create a standing committee of community organizations, group facilitators and IAC members to advise the department on how to end this and future conflicts.
- Meet with members of the undersigned organizations.

If you are on a yard where you feel unsafe due to CDCR's policies, ask your family to:
- Fill out a Citizens Complaint form, on cdcr.ca.gov,
- Contact their Assemblymember and State Senator, and
- Contact the Ombudsman assigned to the prison where you live.

We will keep our members updated on any changes in our next newsletter. In the meantime, if you have questions about the yard integration campaign, **please direct them to YJC**, who is the main organization taking the lead on this work:

Youth Justice Coalition
1137 E Redondo Blvd.
Inglewood, CA 90302

## More than 12,300 Members Strong!

Thanks to all of our inside members and Inside Organizer who have signed up new people for the Initiate Justice mailing list, **we now have more than 12,300 members in prison and counting!** Thanks to your hard work, we recruited more than 3,000 in the last 3 months alone!

We know that building this movement from the inside is the only way to effectively win freedom & safety for us all. Thank you all for being a part of Initiate Justice & please send back the enclosed Member Recruitment form so we can reach 20,000 members by the end of the year!





## Democracy Needs Everyone Art!

In our last newsletter, we put out a call for artwork to help promote our Democracy Needs Everyone campaign. We have only received a few pieces so far, so please keep sending them. In the meantime, we would like to congratulate & thank our member **Anthony Alvarado** who created this beautiful piece!

We used this piece of art to make posters that we printed and shared at our report launch event. Please keep the art pieces coming so we can print and share even more!



STATE OF CALIFORNIA — DEPARTMENT OF CORRECTIONS AND REHABILITATION                                      GAVIN NEWSOM, GOVERNOR

**DIVISION OF ADULT INSTITUTIONS**
**CALIFORNIA MEN'S COLONY**
P.O. Box 8101
San Luis Obispo, CA 93409-8101



August 26, 2019

Control #8626

MORRIS, Sammy – C80345
PO Box 2000 – A S-113L
California Medical Facility (CMF)
Vacaville, Ca 95696-2000

Mr. Morris:

Your recent correspondence addressed to the Office of Internal Affairs was received by their office and returned to the Warden of the California Men's Colony. The Office of Internal Affairs determined your issues could be resolved at the institution level.

In your correspondence, you reiterate prior staff complaints, which are currently, or have been previously addressed through the Inmate Appeal (Staff Complaint) process. If staff wrongdoing is discovered at the institutional level, the completed Staff Complaint will be forwarded for further review by the Office of Internal Affairs.

In response, attempting to resolve your concerns starts at the institution level. Staff at the institution level are able to address the majority of types of concerns related to the information stated in your letter. If your concerns cannot be addressed at this level, the appeals process is the proper format for presenting your concerns at the headquarters level (Third Level of Appeal).

You may contact the CMF Appeals Office by using the Form 22 process to obtain additional information.

M. BLACKFORD
Associate Warden, Level III Housing (A)
California Men's Colony

Inmate Morris, Responce to the Charges, Dated 1-29-19

This is A false RVR, because the Reporting Employee %o Gonzales, Took Dispute with me speaking out against Her Having A Inmate, Attacked, by four other Inmate's, in the build 14-day-Room A week prior, and since %o Gonzales,-Vowed To get me out of build 14.

Question! for Medical officer Staff, J. pace, Morris-witness

1. Do you recall the incident from 1-26-19 At 1930 hours when %o Gonzales-1-19-19, Accused Inmate Morris of standing At his cell door in build 14, cell 241 masturbating?

2. isn't it Truth that your post position in build 14 Medical officer Face's Directly Accross from cell 241, where Inmate Morris was housed. yes or No.

3. if Inmate Morris had of been standing At his cell door with the Bright Light on-Lifting up His white shirt making his genitals visible while holding his erect penis moving it up and down In A striking motion, would you Have Been Able To see This from your post position. yes or No

4. if Inmate Morris was standing At the cell Door, can you see below the window of the door, and see Inmate Morris Wrist, yes or No.

John william

1



PRISON LAW OFFICE
General Delivery, San Quentin, CA 94964
Telephone (510) 280-2621 • Fax (510) 280-2704
www.prisonlaw.com

*Director:*
Donald Specter

*Managing Attorney:*
Sara Norman

*Staff Attorneys:*
Rana Anabtawi
Steven Fama
Alison Hardy
Corene Kendrick
Rita Lomio
Margot Mendelson
Thomas Nosewicz
Camille Woods
Lynn Wu

## LEGAL MAIL - CONFIDENTIAL

*Phone Call From RJD Sgt. on Jan 28, 2019,*
*For interview concerning This matter.*

September 5, 2018

Earlie Paton, P39370
COR
PO Box 8800
Corcoran, CA 93212-8800

Dear Mr. Paton:

    We received your recent letter, responding to our recent letters, in which you state you do want us to inform the OIG of your name, number, and allegations of staff misconduct in late June at RJD's  C EOP.  As we previously told you, we would ask OIG to determine whether CDCR has appropriately reviewed and investigated these allegations of staff misconduct.

    On 9/5/18, we contacted OIG.  Specifically, we wrote:

    "In early July, we received a letter from Mr. Earlie Paton P39370, who was at that time housed in the RJD "C" yard EOP program.  Mr. Paton reported that staff were facilitating assaults on people in that EOP program.  Mr. Paton wrote that on 6/25/18 in the early afternoon an EOP patient was assaulted by four other EOPs on the RJD C Yard, during the 1L00 p.m. recreational therapy group period.  Mr. Paton understands that the patient was assaulted because that patient, whose name is not known to Mr. Paton but was housed in RJD's Building 14, cell 131, had earlier that day caused the Building 14 morning program and yard to be suspended.  According to Mr. Paton, there were nine custody staff members, plus four mental health staff on the yard when the patient was assaulted, but no one activated an alarm or blew a whistle.  Mr. Paton further states that the patient who was assaulted suffered a swollen right eye and cut lip, and tried to get medical attention, but that custody staff refused the patient access to the medical clinic.  According to Mr. Paton, on the next day (i.e., 6/26/18), the patient who had been assaulted on 6/25/18 attempted suicide, and was removed from the unit.

    Mr. Paton further stated that on 6/29/18, at approximately, 2:30 p.m., he witnessed an incident during the EOP C Yard time in which what at first seemed to be a one-on-one altercation turned into a six or seven person assault against an EOP patient.  According to Mr. Paton, the victim had been housed in RJD's Building 14, cell 116.  Mr. Paton stated that custody staff were on the yard and watched the assault but did not attempt to stop it or otherwise intervene.

    The staff actions and inactions, as described by Mr. Paton, would violate the rights of the assaulted prisoners to reasonable safety, and violate CDCR regulations including Title 15 sections 3270 and 3271.

Board of Directors
Penelope Cooper, President • Michele WalkinHawk, Vice President • Marshall Krause, Treasurer
Harlan Grossman • Christiane Hipps • Margaret Johns • Cesar Lagleva
Laura Magnani • Michael Marcum • Ruth Morgan • Seth Morris

Mr. Paton is now incarcerated in Corcoran.. He has given us permission to provide the OIG with his name, number, and the information he provided to us, and understands that we will be asking the OIG to check that CDCR is appropriately and adequately reviewing and investigating the incidents about which he wrote. Mr. Paton understands that the OIG may or will provide CDCR with his name and number.

As indicated, we ask that OIG determine whether CDCR is appropriately and adequately reviewing and investigating whether staff misconduct took place during the 6/25 and 6/29/18 incidents described by Mr. Paton."

We will let you know if and when we receive information from OIG in response to this request. We cannot take any further action at the present time. If there are any further developments regarding t his particular matter that you learn about, please let us know. A postage pre-paid envelope is enclosed.

Take care.

Sincerely,

Steven Fama
Senior Staff Attorney

Enclosures:   SASE

STATEMENT of John Williams #V-34099

1   I, John Williams do DECLARE:

2       That on about January 12, 2019, I WAS
3   housed at Richard J. Donovan, building C14
4   with prisoner S. Morris #C-80345, when
5   prisoner Morris spoke out against tower
6   officer Gonzales using prisoners against
7   eachother, and in direct response I heard
8   officer Gonzales yell from the control
9   tower that " I'm gonna get YOU all out of MY
10  building, you'll see!"

11      A few days later prisoner Morris was
12  rolled up out of the building as declared by
13  officer Gonzales.

14

15      I declare this is true and correct this 28th
16  day of February 2019, at Corcoran California
17  under the laws thereof.

18
19
20
21  John Williams/Declarant:
22  V34099/4B3L-27
23
24
25
26
27
28

MARK DEAN  J-87976

1.     I, MARK Dean do DECLARE:
2.     That on OR About Febuary, 2017, I was
3. housed At Richard J. Donovan, building L14.
4. I'M AWARE And be Know Legable of officer Gonzales
5. using Prisoners Against each other becouse i was Attack
6. by prisoners acting incohersion with officer Gonzales
7. to assualt prisoner At the year mention above.
8. On the day of incident of Febuary, 2017, I rolled up
9. And placed in Asu due to inapproiate Misconduct Allege
10. by officer Gonzales.
11.
12.
13. I declARE under penalty And perjury that the Fore
14. going, Is True And Correct.
15.
16. Date April 21, 2017
17.
18.
19.
20.
21.     Mark Dean
22.     DECLARANT:
23.
24.
25.
26.
27.
28.

## PROOF OF SERVICE BY MAIL
## [CCP §§ 1013(a), 2015.5]

STATE OF CALIFORNIA, COUNTY OF _____

    I am a citizen of the County of *San Joaquin*, State of California. I am a citizen of
the United States of America. I am over the age of eighteen (18) and not a party to this action.
I am a resident of the County of San Joaquin, CDCR#*C-80345*. My address is:

        California Health Care Facility

        *P.O.Box 32110 - B6A - 114*

        Stockton, CA 95213

    On *12-3 ___*, 2019, I served via United States Mail a copy of the following
document(s): *UNITED STATES DISTRICT COURT*
*SOUTHERN DISTRICT of California.*
*Office of The Clerk*
*880 FRONT STREET, SUITE 4290*
*SAN DIEGO. CALIF. 92101-8900*
The above-noted legal document(s) was placed in a sealed envelope, with postage
thereon fully prepaid, addressed to the person at the address indicated below pursuant to
California Code of Civil Procedure Section 1013. I placed the envelope or package in a mailbox
or other like facility addressed to: *CALIFORNIA HEALTH CARE FACILITY*
*P.O.Box 32110 - B6A-114*
*STOCKTON, CALIF. 95213*

    I declare under penalty of perjury that the foregoing is true and correct to the best of
my knowledge. This document was executed on *12-3 ___*, 2019 in San Joaquin County,
California.

*Sammy LEE MORRIS*
_____
Type or Print Name

*Sammy Lee Morris*
_____
Signature

Sammy LEE MORRIS #C-80345
California HEALTH CARE FACILITY
P.O.BOX 32110 - B614-114
STOCKTON, California 95213




STATE PRISON
GENERATED MAIL

RECEIVED
COURT SECURITY
DEC 1 1 2019
U.S. MARSHALS SERVICE



RECEIVED
DEC 1 1 2019
CLERK U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY                    DEPUTY

CONFIDENTIAL

LEGAL MAIL

STATE PRISON
GENERATED MAIL

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT of California
OFFICE of THE CLERK
880 FRONT STREET, SUITE 4290
San DIEGO, California 92101-8900

