| | |
|---|---|
| SAMMY LEE MORRIS,<br>CDCR #C-80345,<br>　　　　　　　　　　Plaintiff,<br>vs.<br><br>G.A. GONZALES; D. TAMAYO;<br>LAFLER DOMINIC; A. AGUIRRE;<br>J. DURAN; C. MARTINEZ,<br>　　　　　　　　　　Defendants. | Case No.: 3:19-cv-02378-MMA (AGS)<br><br>**ORDER GRANTING MOTION TO PROCEED IN FORMA PAUPERIS;**<br><br>**[Doc. No. 2]**<br><br>**DISMISSING COMPLAINT FOR FAILING TO STATE A CLAIM PURSUANT TO 28 U.S.C. § 1915(e)(2) AND § 1915A(b)** |

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

　　　Plaintiff Sammy Lee Morris, currently incarcerated at California Health Care Facility ("CHCF") located in Stockton, California has filed a civil rights complaint pursuant to 42 U.S.C. § 1983. Plaintiff claims Defendants, all correctional officers at the Richard J. Donovan Correctional Facility ("RJD") violated his constitutional rights when he was previously housed at RJD on January 19, 2019. *See* Compl., Doc. No. 1 at 10-12. Plaintiff has also filed a Motion to Proceed In Forma Pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a). *See* Doc. No. 2.

**I.     IFP Motion**

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee. *See* 28 U.S.C. § 1914(a). An action may proceed despite the plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). However, if the plaintiff is a prisoner and is granted leave to proceed IFP, he nevertheless remains obligated to pay the entire fee in installments, regardless of whether his action is ultimately dismissed. *See* 28 U.S.C. § 1915(b)(1) & (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

Under 28 U.S.C. § 1915, as amended by the Prison Litigation Reform Act ("PLRA"), a prisoner seeking leave to proceed IFP must also submit a "certified copy of the trust fund account statement (or institutional equivalent) for . . . the six-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005). From the certified trust account statement, the Court assesses an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no assets. *See* 28 U.S.C. § 1915(b)(1); 28 U.S.C. § 1915(b)(4). The institution having custody of the prisoner then collects subsequent payments, assessed at 20% of the preceding month's income, in any month in which the prisoner's account exceeds $10, and forwards them to the Court until the entire filing fee is paid. *See* 28 U.S.C. § 1915(b)(2).

In support of his IFP Motion, Plaintiff has submitted a certified copy of his prison certificate issued by a CHCF accounting official, along with a certified copy of his inmate trust account statement. *See* Doc. No. 2 at 6-9. Plaintiff's statements show that he has had no monthly deposits and has carried an average balance of zero in his account during the 6-month period preceding the filing of this action and had no available funds to his credit at the time of filing. *See* 28 U.S.C. § 1915(b)(4) (providing that "[i]n no event shall a prisoner be prohibited from bringing a civil action or appealing a civil action

or criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee."); *Taylor*, 281 F.3d at 850 (finding that 28 U.S.C. § 1915(b)(4) acts as a "safety-valve" preventing dismissal of a prisoner's IFP case based solely on a "failure to pay . . . due to the lack of funds available to him when payment is ordered.").

Therefore, the Court **GRANTS** Plaintiff's Motion to Proceed IFP and assesses no initial partial filing fee per 28 U.S.C. § 1915(b)(1). However, the entire $350 balance of the filing fees due for this case must be collected by the California Department of Corrections and Rehabilitation ("CDCR") and forwarded to the Clerk of the Court pursuant to the installment payment provisions set forth in 28 U.S.C. § 1915(b)(1).

**II.   Screening pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)**

A.   Standard of Review

Because Plaintiff is a prisoner and is proceeding IFP, his Complaint requires a pre-Answer screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b). Under these statutes, the Court must sua sponte dismiss a prisoner's IFP complaint, or any portion of it, which is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. *See Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (discussing 28 U.S.C. § 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)). "The purpose of [screening] is 'to ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'" *Nordstrom v. Ryan*, 762 F.3d 903, 920 n.1 (9th Cir. 2014) (quoting *Wheeler v. Wexford Health Sources, Inc.,* 689 F.3d 680, 681 (7th Cir. 2012)).

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (noting that screening pursuant to § 1915A "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure

3

12(b)(6)"). Rule 12(b)(6) requires a complaint to "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted); *Wilhelm*, 680 F.3d at 1121.

B. Plaintiff's Allegations

On January 19, 2019, Plaintiff claims Defendant Gonzalez, the "Control Booth Officer," said she observed Plaintiff "standing at his door masturbating with the light on." Compl. at 12. A rules violation report ("RVR") was issued and "reviewed" by Defendants Martinez and Duran. *Id.* Plaintiff alleges Martinez and Duran "conspired" with Gonzalez to "push the report forward" and convinced Defendants Aguirre and Tamayo to classify the RVR as "serious." *Id.*

Plaintiff was placed in administrative segregation ("ad-seg") "where he had a 'yellow placard' covering the outside of his cell door window for other inmates and staff to recognize the occupant of the cell was some type of a sex offender." *Id.* Plaintiff was also "forced to wear a specialized known 'indecent exposure control jumpsuit.'" *Id.* A "padlock" was attached to the back of the jumpsuit which required Plaintiff to find a staff member "with a key to the padlock" in order for Plaintiff to use the bathroom. *Id.* at 13. Plaintiff was required to wear this jumpsuit "every time he left his cell to go to therapy groups, medical, and dental appointments." *Id.* Plaintiff also wore the jumpsuit on the exercise yard where other inmates "viewed him as a sexual offender" and called him "nasty names." *Id.*

On March 15, 2019, Plaintiff was found guilty by Senior Hearing Officer Lieutenant Valdez.[1] *See id.* Plaintiff filed a grievance appealing this decision and was later found "not guilty" and the RVR was ordered to be "reissued and reheard." *Id.*

Plaintiff claims Defendant Dominic conspired with Aguirre to "push the mental health assessment forward to have it heard" so that Plaintiff would be found guilty and

---
[1] Valdez is not a named defendant.

4

"to send [Plaintiff] to the indecent exposure pilot program at California State Prison, Corcoran." *Id.* Dominic also stated that Plaintiff has "prior RVRs for the same offense and as such is aware of the potential for disciplinary consequences." *Id.* Plaintiff alleges Dominic's "acts were willful, intentional, malicious, wanton, and despicable in conscious disregard for Plaintiff's rights." *Id.*

Plaintiff has now been placed in the "high level care, the California Health Care Facility Psychiatric Inpatient Program ("CHCH-PIP"). *Id.* Plaintiff seeks $300,000 in compensatory damages, $450,000 in punitive damages, and $5000 in nominal damages. *See id.* at 20.

C. 42 U.S.C. § 1983

Title 42 U.S.C. § 1983 provides a cause of action for the "deprivation of any rights, privileges, or immunities secured by the Constitution and laws" of the United States. *Wyatt v. Cole*, 504 U.S. 158, 161 (1992). To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Long v. Cty. of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006).

D. Eighth Amendment Claim

Plaintiff alleges that his Eighth Amendment rights were violated by Defendants when they "requir[ed] him to wear a control jumpsuit identifying him as a 'sexual predator-offender'" and also subjecting him to "degrading name calling and threats of violence and death." Compl. at 15-16. Plaintiff does not allege that he was actually physically assaulted while housed at RJD and at the time he filed this action he was no longer housed at RJD. *See id.* at 1, 16.

To state an Eighth Amendment claim based on a deprivation of humane conditions of confinement, Plaintiff must allege facts sufficient to satisfy two requirements. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Iqbal*, 556 U.S. at 678. "First, the deprivation alleged must be, objectively, 'sufficiently serious.'" *Id.* (quoting *Wilson v. Seiter*, 501

5

U.S. 294, 298 (1991)); *see also Peralta v. Dillard*, 744 F.3d 1076, 1091 (9th Cir. 2014). Prison conditions are not objectively serious unless they amount to "unquestioned and serious deprivations of basic human needs," or of the "minimal civilized measure of life's necessities." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981); *Wilson*, 501 U.S. at 298-300; *Grenning v. Miller-Stout*, 739 F.3d 1235, 1238 (9th Cir. 2014) (citation omitted). "After incarceration, only the unnecessary and wanton infliction of pain ... constitutes cruel and unusual punishment forbidden by the Eighth Amendment." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012) (citing *Whitley v. Albers*, 475 U.S. 312, 319 (1986)) (internal quotations omitted). "[A]mong unnecessary and wanton inflictions of pain are those that are totally without penological justification." *Hope v. Pelzer*, 536 U.S. 730, 737 (2002) (internal quotations and citations omitted).

Second, Plaintiff's Complaint "must contain sufficient factual matter" to demonstrate that Defendants acted with a sufficiently culpable state of mind, that of "deliberate indifference." *Iqbal*, 556 U.S. at 678; *Wilson*, 501 U.S. at 303; *Peralta*, 744 F.3d at 1091. A prison official acts with deliberate indifference if he "knows of and disregards an excessive risk to the prisoner's health and safety." *Farmer*, 511 U.S. at 837. In other words, the prison official "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists [to the prisoner], and [the prison official] must also draw the inference." *Id.*

Plaintiff fails to identify any Defendant who was purportedly responsible for deciding to place him in the jumpsuit, for labelling him as a sex offender, or that they had any knowledge of the circumstances Plaintiff alleges he faced on the exercise yard. "The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988), citing *Rizzo v. Goode*, 423 U.S. 362, 370-71 (1976); *Berg v. Kincheloe*, 794 F.2d 457, 460 (9th Cir. 1986); *Estate of Brooks v. United States*, 197 F.3d 1245, 1248 (9th Cir. 1999) ("Causation is, of course, a required element of a § 1983 claim."). A person deprives

6

another "of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which [the plaintiff complains]." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). Plaintiff has not stated an Eighth Amendment claim against the Defendants because he fails to identify how any of the named Defendants were the cause of, or even aware of, the actions Plaintiff alleges occurred.

### D. Fourteenth Amendment Equal Protection Claims

Plaintiff claims he has an "equal protected right to be treated equally and fairly as similarly situated others as provided within the 'Equal Protection Clause.'" Compl. at 18.

The Fourteenth Amendment's Equal Protection Clause requires that persons similarly situated be treated alike. *City of Cleburne v. Cleburne Living Center, Inc.*, 473 U.S. 432, 439; *Hartmann v. California Dep't of Corr. & Rehab.*, 707 F.3d 1114, 1123 (9th Cir. 2013); *Furnace v. Sullivan*, 705 F.3d 1021, 1030 (9th Cir. 2013); *Shakur v. Schriro*, 514 F.3d 878, 891 (9th Cir. 2008). An equal protection claim may be established in two ways. The first method requires a plaintiff to show that the defendant has intentionally discriminated against the plaintiff on the basis of his membership in a protected class. *Hartmann*, 707 F.3d at 1123; *Furnace*, 705 F.3d at 1030; *Serrano v. Francis*, 345 F.3d 1071, 1082 (9th Cir. 2003); *Thornton v. City of St. Helens*, 425 F.3d 1158, 1166-67 (9th Cir. 2005); *Lee v. City of Los Angeles*, 250 F.3d 668, 686 (9th Cir. 2001). Under this theory of equal protection, Plaintiff must allege that Defendants' actions were a result of his membership in a suspect class such as race, religion, or alienage. *Thornton v. City of St. Helens*, 425 F.3d 1158, 1167 (9th Cir. 2005).

Here, Plaintiff does not allege to be a member of any suspect class, and he fails to allege Defendants have denied him any rights based on his membership in any suspect class.

To the extent his claims do not involve a suspect classification, Plaintiff may establish an equal protection claim only if he alleges facts sufficient to plausibly show

Defendants intentionally treated similarly situated inmates differently without a rational basis for doing so. *See Engquist v. Oregon Department of Agriculture*, 553 U.S. 591, 601-02 (2008); *see also Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000); *San Antonio School District v. Rodriguez*, 411 U.S. 1 (1972); *Lazy Y Ranch Ltd. v. Behrens*, 546 F.3d 580, 592 (9th Cir. 2008); *North Pacifica LLC v. City of Pacifica*, 526 F.3d 478, 486 (9th Cir. 2008). But to state an equal protection claim under this "class of one" theory, he must allege facts to plausibly show that: (1) he is a member of an identifiable class; (2) he was intentionally treated differently from others similarly situated; and (3) there is no rational basis for the difference in treatment. *Nurre v. Whitehead*, 580 F.3d 1087, 1098 (9th Cir. 2009) (citing *Village of Willowbrook*, 528 U.S. at 564). He must further allege discriminatory intent. *See Washington v. Davis*, 426 U.S. 229, 239-240 (1976); *Serrano*, 345 F.3d at 1081-82; *Freeman v. Arpaio*, 125 F.3d 732, 737 (9th Cir. 1997).

In support of this claim, Plaintiff claims that he was treated differently than other inmates who were housed in administrative segregation. *See* Compl. at 18. However, Plaintiff is clearly not "similarly situated" to all other inmates housed in administrative segregation who are housed there for a variety of different reasons. Plaintiff does not allege that Defendants treated him differently from other inmates who were also designated sexual offenders and placed in administrative segregation. The Court finds that Plaintiff has failed to allege facts that are insufficient to plead an equal protection claim. Thus, Plaintiff's Fourteenth Amendment equal protection claims must be **DISMISSED** for failing to state a claim upon which relief could be granted.

### E. Leave to Amend

In light of his pro se status, however, the Court grants Plaintiff leave to file an Amended Complaint in order to address the pleading deficiencies identified in this Order. *See Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) ("A district court should not dismiss a pro se complaint without leave to amend [pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii)] unless 'it is absolutely clear that the deficiencies of the complaint

could not be cured by amendment.'") (quoting *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012)).

### III. Conclusion and Orders

Good cause appearing, the Court:

1. **GRANTS** Plaintiff's Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a) (Doc. No. 2).

2. **DIRECTS** the Secretary of the CDCR, or his designee, to collect from Plaintiff's prison trust account the $350 filing fee owed in this case by garnishing monthly payments from her account in an amount equal to twenty percent (20%) of the preceding month's income and forwarding those payments to the Clerk of the Court each time the amount in the account exceeds $10 pursuant to 28 U.S.C. § 1915(b)(2). PAYMENTS SHALL BE CLEARLY IDENTIFIED BY THE NAME AND NUMBER ASSIGNED TO THIS ACTION.

3. **DIRECTS** the Clerk of the Court to serve a copy of this Order on Ralph Diaz, Secretary, CDCR, P.O. Box 942883, Sacramento, California, 94283-0001.

4. **DISMISSES** Plaintiff's Complaint for failing to state a claim pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b); and

5. **GRANTS** Plaintiff 45 days leave from the date of this Order in which to file an Amended Complaint which cures all the deficiencies of pleading noted, if he can. Plaintiff's Amended Complaint must be complete in itself without reference to his original pleading. Defendants not named and any claims not re-alleged in the Amended Complaint will be considered waived. *See* S.D. Cal. CivLR 15.1; *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original."); *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (noting that claims dismissed with leave to amend which are not re-alleged in an amended pleading may be "considered waived if not repled.").

If Plaintiff fails to file an Amended Complaint within 45 days, the Court will enter a final Order dismissing this civil action based both on Plaintiff's failure to state a claim

upon which relief can be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b), and his failure to prosecute in compliance with a court order requiring amendment. *See Lira v. Herrera*, 427 F.3d 1164, 1169 (9th Cir. 2005) ("If a plaintiff does not take advantage of the opportunity to fix his complaint, a district court may convert the dismissal of the complaint into dismissal of the entire action.").

6. The Clerk of Court is directed to mail Plaintiff a court approved civil rights complaint form for his use in filing his amended complaint.

**IT IS SO ORDERED**.

DATE: January 29, 2020

HON. MICHAEL M. ANELLO
United States District Judge