UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAMMY LEE MORRIS,<br><br>　　　　　　　　　Plaintiff,<br><br>vs.<br><br>G.A. GONZALES, et al.,<br><br>　　　　　　　　　Defendants. | Case No. 19cv2378-MMA (AGS)<br><br>**ORDER DISMISSING FIRST AMENDED COMPLAINT FOR FAILING TO STATE A CLAIM PURSUANT TO 28 U.S.C. § 1915(e)(2) AND § 1915A(b)** |

　　　On December 11, 2019, Plaintiff Sammy Lee Morris, currently incarcerated at California Health Care Facility ("CHCF") located in Stockton, California, filed a civil rights complaint pursuant to 42 U.S.C. § 1983.  Plaintiff claimed Defendants, all correctional officers at the Richard J. Donovan Correctional Facility ("RJD"), violated his constitutional rights when he was previously housed at RJD on January 19, 2019. *See* Compl., Doc. No. 1 at 10-12. Plaintiff also filed a Motion to Proceed In Forma Pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a).  *See* Doc. No. 2.

　　　On January 29, 2020, the Court granted Plaintiff's Motion to Proceed IFP but simultaneously dismissed his Complaint for failing to state a claim upon which relief could be granted pursuant to 28 U.S.C. § 1915(e)(2) AND § 1915A(b).  *See* Jan. 29, 2020 Order, Doc. No. 3 at 9-10.  The Court granted Plaintiff leave to file an amended

complaint in order to correct the deficiencies of pleading identified in the Court's Order. *See id.* On February 18, 2020, Plaintiff filed his First Amended Complaint ("FAC"). *See* Doc. No. 4.

**I.      Screening pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)**

   A.     <u>Standard of Review</u>

As the Court previously informed Plaintiff, because he is a prisoner and is proceeding IFP, his FAC requires a pre-Answer screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b). Under these statutes, the Court must sua sponte dismiss a prisoner's IFP complaint, or any portion of it, which is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. *See Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (discussing 28 U.S.C. § 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)). "The purpose of [screening] is 'to ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'" *Nordstrom v. Ryan*, 762 F.3d 903, 920 n.1 (9th Cir. 2014) (quoting *Wheeler v. Wexford Health Sources, Inc.,* 689 F.3d 680, 681 (7th Cir. 2012)).

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (noting that screening pursuant to § 1915A "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)"). Rule 12(b)(6) requires a complaint to "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted); *Wilhelm*, 680 F.3d at 1121.

   B.     <u>Plaintiff's Allegations</u>

Plaintiff alleges that on January 19, 2019 Defendant Gonzales, a "control booth operator," claimed that she "observed Plaintiff at his door masturbating with the light

1  on." FAC at 12. A "Rules Violation Report ("RVR")" was issued and "reviewed by
2  Defendants Martinez and Duron." *Id.* Plaintiff claims, "Martinez and Duron 'conspired'
3  with Gonzalez to 'push the report forward' and convinced Defendants Aguirre and
4  Tamayo to classify the RVR as 'serious.'" *Id.*

5  Plaintiff was sent to Administrative Segregation ("Ad-Seg") "where he had a
6  'yellow placard' covering the outside of his cell window for other inmates and staff to
7  recognize the occupant of the cell was some type of sex offender." *Id.* Plaintiff was
8  "also 'forced to wear a specialized known' indecent exposure control jumpsuit." *Id.* at
9  12-13. This "jumpsuit" looks similar to a "straight jacket" with a "padlock" attached to
10 the "back of the jumpsuit which required Plaintiff to find a staff member 'with a key to
11 the padlock' in order for Plaintiff to use the bathroom." *Id.* at 13. Plaintiff was "forced
12 to wear this jumpsuit 'every time he left his cell to go to therapy groups, medical and
13 dental appointments.'" *Id.* Plaintiff also "wore the jumpsuit on the exercise yard where
14 other inmates 'viewed him as a sexual offender' and called him 'nasty names.'" *Id.*

15 On March 15, 2019, Plaintiff was "found guilty by Senior Hearing Officer
16 Lieutenant Valdez." *Id.* Plaintiff "filed a grievance appealing this decision and was later
17 found 'not guilty' and the RVR was ordered to be 'reissued and reheard.'" *Id.* To date,
18 Plaintiff claims that the RVR has not been reheard. *See id.*

19 Plaintiff alleges Defendant Dominic "conspired with Aguirre to 'push the mental
20 health assessment' forward." *Id.* Plaintiff claims that the mental health assessment was
21 used in order to find Plaintiff guilty and to "send Plaintiff to [the] indecent exposure pilot
22 program at California State Prison, Corcoran." *Id.* at 14. Dominic purportedly stated that
23 Plaintiff has "prior RVRs for the same offense and as such is aware of the potential for
24 disciplinary consequences." *Id.* Plaintiff is currently housed in the "high level care" at
25 the "California Health Care Facility Psychiatric Inmate Program ("CHCF-PIP"). *Id.* at
26 14.

27 Plaintiff "seeks $300,000 in compensatory damages, $450,000 in punitive
28 damages, and $5000 in nominal damages." *Id.*

### C. 42 U.S.C. § 1983

Title 42 U.S.C. § 1983 provides a cause of action for the "deprivation of any rights, privileges, or immunities secured by the Constitution and laws" of the United States. *Wyatt v. Cole*, 504 U.S. 158, 161 (1992). To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Long v. Cty. of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006).

### D. Eighth Amendment Claim

Plaintiff alleges that his Eighth Amendment rights were violated by Defendants when they "required him to wear a control jumpsuit 'identifying him as a 'sexual predator-offender' and also subjecting him to 'degrading name calling and threats of violence and 'death.'" FAC at 15. Plaintiff claims that as a result of Defendants' actions he was "more of a target with inmates and staff and Plaintiff was 'attacked again.'" *Id.* at 5.

To state an Eighth Amendment claim based on a deprivation of humane conditions of confinement, Plaintiff must allege facts sufficient to satisfy two requirements. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Iqbal*, 556 U.S. at 678. "First, the deprivation alleged must be, objectively, 'sufficiently serious.'" *Id.* (quoting *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)); *see also Peralta v. Dillard*, 744 F.3d 1076, 1091 (9th Cir. 2014). Prison conditions are not objectively serious unless they amount to "unquestioned and serious deprivations of basic human needs," or of the "minimal civilized measure of life's necessities." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981); *Wilson*, 501 U.S. at 298-300; *Grenning v. Miller-Stout*, 739 F.3d 1235, 1238 (9th Cir. 2014) (citation omitted). "After incarceration, only the unnecessary and wanton infliction of pain ... constitutes cruel and unusual punishment forbidden by the Eighth Amendment." *Watison*, 668 F.3d at 1112 (citing *Whitley v. Albers*, 475 U.S. 312, 319 (1986)) (internal quotations omitted). "[A]mong unnecessary and wanton inflictions of pain are those that are totally without

penological justification." *Hope v. Pelzer*, 536 U.S. 730, 737 (2002) (internal quotations and citations omitted).

Second, Plaintiff's Complaint "must contain sufficient factual matter" to demonstrate that Defendants acted with a sufficiently culpable state of mind, that of "deliberate indifference." *Iqbal*, 556 U.S. at 678; *Wilson*, 501 U.S. at 303; *Peralta*, 744 F.3d at 1091. A prison official acts with deliberate indifference if he "knows of and disregards an excessive risk to the prisoner's health and safety." *Farmer*, 511 U.S. at 837. In other words, the prison official "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists [to the prisoner], and [the prison official] must also draw the inference." *Id.*

Plaintiff fails to identify any Defendant who was purportedly responsible for deciding to place him in the jumpsuit, labeling him as a sex offender, or that had any knowledge of the circumstances Plaintiff alleges he faced on the exercise yard. "The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988), citing *Rizzo v. Goode*, 423 U.S. 362, 370-71 (1976); *Berg v. Kincheloe*, 794 F.2d 457, 460 (9th Cir. 1986); *Estate of Brooks v. United States*, 197 F.3d 1245, 1248 (9th Cir. 1999) ("Causation is, of course, a required element of a § 1983 claim."). A person deprives another "of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which [the plaintiff complains]." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978).

In addition, Plaintiff alleges he was attacked by other inmates and attaches as an Exhibit to his FAC an RVR describing a correctional officer's description of a fight between Plaintiff and another inmate. *See* FAC at 5, citing Ex. A, RVR dated March 9, 2019. However, a review of the proffered document indicates that this altercation between Plaintiff and another inmate occurred at Corcoran State Prison, and Plaintiff

alleges no facts to demonstrate that this altercation is related to the events that allegedly occurred at RJD.

Moreover, Plaintiff does not allege he suffered any physical injuries resulting from the allegedly "degrading name calling and threats of violence" he was purportedly was subjected to while housed at RJD. FAC at 15. Verbal harassment, abuse, and threats, without more, are "not sufficient to state a constitutional deprivation under 42 U.S.C. § 1983." *Freeman v. Arpaio*, 125 F.3d 732, 738 (9th Cir. 1997) (internal quotation marks and citations omitted), *abrogated on other grounds by Shakur v. Schriro,* 514 F.3d 878 (9th Cir. 2008); *Oltarzewski v. Ruggiero*, 830 F.2d 136, 139 (9th Cir. 1987).

For all these reasons, the Court finds that Plaintiff has failed to state an Eighth Amendment claim upon which relief may be granted.

### D. Fourteenth Amendment Equal Protection Claims

Plaintiff claims he has an "equal protected right to be treated equally and fairly as similarly situated others as provided within the 'Equal Protection Clause.'" FAC at 20.

The Fourteenth Amendment's Equal Protection Clause requires that persons similarly situated be treated alike. *City of Cleburne v. Cleburne Living Center, Inc.*, 473 U.S. 432, 439; *Hartmann v. California Dep't of Corr. & Rehab.*, 707 F.3d 1114, 1123 (9th Cir. 2013); *Furnace v. Sullivan*, 705 F.3d 1021, 1030 (9th Cir. 2013); *Shakur v. Schriro*, 514 F.3d 878, 891 (9th Cir. 2008). An equal protection claim may be established in two ways. The first method requires a plaintiff to show that the defendant has intentionally discriminated against the plaintiff on the basis of his membership in a protected class. *Hartmann*, 707 F.3d at 1123; *Furnace*, 705 F.3d at 1030; *Serrano v. Francis*, 345 F.3d 1071, 1082 (9th Cir. 2003); *Thornton v. City of St. Helens*, 425 F.3d 1158, 1166-67 (9th Cir. 2005); *Lee v. City of Los Angeles*, 250 F.3d 668, 686 (9th Cir. 2001). Under this theory of equal protection, Plaintiff must allege that Defendants' actions were a result of his membership in a suspect class such as race, religion, or alienage. *Thornton v. City of St. Helens*, 425 F.3d 1158, 1167 (9th Cir. 2005).

Here, once again, Plaintiff does not allege to be a member of any suspect class, and

he fails to allege Defendants violated his rights based on his membership in any suspect class.

To the extent his claims do not involve a suspect classification, Plaintiff may establish an equal protection claim only if he alleges facts sufficient to plausibly show Defendants intentionally treated similarly situated inmates differently without a rational basis for doing so. *Engquist v. Oregon Department of Agriculture*, 553 U.S. 591, 601-02 (2008); *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000); *San Antonio School District v. Rodriguez*, 411 U.S. 1 (1972); *Lazy Y Ranch Ltd. v. Behrens*, 546 F.3d 580, 592 (9th Cir. 2008); *North Pacifica LLC v. City of Pacifica*, 526 F.3d 478, 486 (9th Cir. 2008). But to state an equal protection claim under this "class of one" theory, he must allege facts to plausibly show that: (1) he is a member of an identifiable class; (2) he was intentionally treated differently from others similarly situated; and (3) there is no rational basis for the difference in treatment. *Nurre v. Whitehead*, 580 F.3d 1087, 1098 (9th Cir. 2009) (citing *Village of Willowbrook*, 528 U.S. at 564). He must further allege discriminatory intent. *See Washington v. Davis*, 426 U.S. 229, 239-240 (1976); *Serrano*, 345 F.3d at 1081-82; *Freeman v. Arpaio*, 125 F.3d 732, 737 (9th Cir. 1997).

In support of this claim, Plaintiff claims that he was treated differently than other inmates who were also designated sex offenders. *See* FAC at 4. Specifically, Plaintiff claims that not all inmates designated sex offenders were required to wear the same jumpsuit as Plaintiff, and they do not have "yellow placards covering their cell door windows." *Id.* However, these purported differences fail to state an equal protection claim because Plaintiff does not allege there is no rational basis for treating prisoners who have also been designated sex offenders differently. "The Constitution permits qualitative differences in meting out punishments and there is no requirement that two persons convicted of the same offense receive identical sentences." *Williams v. Illinois*, 399 U.S. 235, 243 (1970). "Inmates are not entitled to identical treatment as other inmates merely because they are all inmates." *McQuery v. Blodgett*, 924 F.2d 829, 834-45 (9th Cir. 1991) (citing *Norvell v. Illinois*, 373 U.S. 420 (1983)).

1   The Court finds that Plaintiff has failed to allege facts that are sufficient to plead a
2   plausible equal protection claim. Thus, Plaintiff's Fourteenth Amendment equal
3   protection claim is subject to dismissal.

4     E.  <u>Privacy claims</u>

5     Plaintiff also claims that he "has rights from unreasonable searches and the glare of
6   opposite sex while performing personal bodily functions in his cell." FAC at 18. The
7   Court liberally construes this as a claim arising under the Fourth Amendment.

8     "The Fourth Amendment proscription against unreasonable searches does not
9   apply within the confines of the prison cell." *Hudson v. Palmer,* 468 U.S. 517, 526
10   (1984). The Supreme Court also noted that "[t]he recognition of privacy rights for
11   prisoners in their individual cells simply cannot be reconciled with the concept of
12   incarceration and the needs and objectives of penal institutions." *Id.*

13     The Ninth Circuit has recognized that "incarcerated prisoners retain a limited right
14   to bodily privacy." *Michenfelder v. Sumner*, 860 F.2d 328, 33-34 (9th Cir. 1988). In
15   addition, the Ninth Circuit also has recognized that "our prior case law suggests that
16   prisoners' legitimate expectations of bodily privacy from persons of the opposite sex are
17   extremely limited." *Jordan v. Gardner*, 986 F.2d 1521, 1524 (9th Cir. 1993).

18     In this matter, Plaintiff offers virtually no facts to support the basis of his claim nor
19   does he identify with any specificity which Defendant he claims violated his privacy
20   rights. There are no facts alleged that any specific Defendant purported viewing of
21   Plaintiff's bodily function was "excessive, vindictive, harassing, or unrelated to any
22   legitimate penological interest." *Michenfelder*, 860 F.2d 322.

23     The Court finds that Plaintiff has failed to allege facts that are sufficient to plead a
24   plausible Fourth Amendment claim. Thus, Plaintiff's Fourth Amendment privacy claim
25   is subject to dismissal.

26     F.  <u>Leave to Amend</u>

27     Because Plaintiff has already been provided a short and plain statement of his
28   pleading deficiencies, as well as an opportunity to amend those claims to no avail, the

Court finds granting further leave to amend would be futile. *See Gonzalez v. Planned Parenthood*, 759, F.3d 1112, 1116 (9th Cir. 2014) ("'Futility of amendment can, by itself, justify the denial of ... leave to amend.'") (quoting *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995)); *Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 1007 (9th Cir. 2009) ("[W]here the plaintiff has previously been granted leave to amend and has subsequently failed to add the requisite particularity to its claims, [t]he district court's discretion to deny leave to amend is particularly broad.") (internal quotation marks omitted) (second alteration in original)).

## II.   Conclusion and Order

For the reasons discussed, the Court:

1)   **DISMISSES** this civil action without further leave to amend for failure to state a claim upon which § 1983 relief can be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1).

2)   **DIRECTS** the Clerk of Court to enter judgment accordingly and close the case.

**IT IS SO ORDERED**.

DATED: May 7, 2020

HON. MICHAEL M. ANELLO
United States District Judge